IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ash El Bey, et al., | ) | |
| | ) | CASE NO. 1:25 CV 375 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| Treasurer of Cuyahoga County, | ) | MEMORANDUM OF |
| | ) | OPINION & ORDER |
| Defendant. | ) | |
| | ) | |

Pro se Plaintiffs Ash El Bey, Terry El Bey, and Ashley Hardwick filed this action against
the Treasurer of Cuyahoga County, Ohio, alleging that Defendant violated their federal
constitutional rights in connection with a tax foreclosure case currently pending in state court.
(Doc. 1.)  Plaintiffs also have filed: (1) a motion to proceed in forma pauperis (Doc. 2); (2) an
"Emergency Motion to Stay Tax Forclosure [sic] Proceedings" (Doc. 1-1); and (3) a "Motion for
Jury Trial and Selection Rights by Private American State National" (Doc. 3).

## BACKGROUND

Plaintiffs' Complaint is difficult to decipher, but it appears that they essentially challenge
Cuyahoga County's efforts to foreclose on their property due to unpaid taxes in the case *Treasurer
of Cuyahoga County, Ohio v. Ashley Hardwick, et al.*, No. CV-24-996197, currently pending in the
Cuyahoga County Court of Common Pleas.  According to that court's docket, the Treasurer filed
the foreclosure action against Ashley Hardwick and Famicos Foundation on April 19, 2024, to

collect nearly $8,000 in delinquent taxes, assessments, penalties and interest.[1]  Plaintiffs describe Ashley Hardwick as a "corporate fiction."  (Doc. 1-1 at 1.)  The entity was often represented in the state case by "Ash El Bey Ex Rel., Natural Person, Private American National, beneficiary, implied Surety and foreign to the U.S. Corporation."  (*See, e.g., id*.)  It filed an answer, various "Affidavits," and two motions to dismiss, which were denied.

A magistrate conducted a tax hearing in the case on September 10, 2024, at which the defendants did not appear.   The magistrate then issued a foreclosure decree.  Ashley Hardwick filed objections to the magistrate's decision, which the court overruled.  The court then granted a Judgment of Foreclosure (Nonproductive Land) on October 15, 2024.  Ashley Hardwick attempted to appeal that judgment to the Eighth District Court of Appeals, but the appellate court dismissed the appeal sua sponte for failure to file a timely notice of appeal.

The trial court issued an Order of Sale (Nonproductive Land) on February 12, 2025.  The property at issue has not been offered for sale, however, because Ashley Hardwick filed a Chapter 7 bankruptcy case on March 11, 2025, resulting in an automatic stay of the proceedings.  The Treasurer, therefore, requested that the court issue an order to return the order of sale without execution and stay the case, which the defendants did not oppose, and the court granted on March 14, 2025.

## ANALYSIS

The comity-based abstention doctrine developed in the Supreme Court case *Younger v. Harris*, 401 U.S. 37 (1971), prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate."

---

[1] In its answer, Famicos Foundation denied having any interest in the subject property.

*Id.* at 45.  The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings, and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights.  *Id.*  *Younger* abstention is not a question of jurisdiction, but instead is based on "strong policies counseling against the exercise of such jurisdiction."  *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).  The doctrine may be raised sua sponte by a federal court.  *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988).  If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if:  (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention would "unduly interfere[] with the legitimate activities of the state."  *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present here.  The case in the Cuyahoga County Court of Common Pleas is still pending, and this Court acknowledges that tax collection is a paramount state interest.  *See Younger*, 401 U.S. at 44-45.  Plaintiffs claim that in the course of the state-court proceedings, the Treasurer: (1) failed to properly serve him in violation of the Sixth Amendment; (2) failed to "rebut," and therefore admitted, the assertions in the submitted

"Affidavit of Truth," which allegedly established that, as "Private American National civilians," they are not subject to state taxes; (3) violated the federal constitutional separation-of-powers doctrine; (4) failed to "rebut," and therefore admitted, assertions Ashley Hardwick made in a second submitted "Affidavit"; (5) failed to recognize the "Bond for Performance" that Ashley Hardwick submitted to the state court for "discharge" of any tax debts; and (6) failed to contest the "Updated Land Patent / Alodial Title Filing," resulting in its acceptance.  (*See* Doc. 1-1.)[2]  These claims go to the heart of the pending state-court tax foreclosure case.

The third requirement of *Younger* – that a plaintiff must have an opportunity to assert their federal challenges in the state-court proceeding – also is satisfied here.  The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims, not whether the plaintiff was successful in obtaining relief.  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  And the burden rests on the plaintiff to demonstrate that state procedural law bars presentation of the federal claims.  *Pennzoil Co*., 481 U.S. at 14.  As explained above, Ashley Hardwick, represented by Ash El Bey, filed numerous motions and other pleadings in the course of the state foreclosure proceedings.  Although the trial court ultimately rejected those arguments, the entity had the opportunity to raise them.  Also, notably, Ashley Hardwick (and Ash El Bey) failed to appear at the magistrate's tax hearing or file a timely notice of appeal of the trial court's judgment.  The final requirement of *Younger,* therefore, is met, and this Court will not interfere in a pending state-court case by deciding issues that are central to that action.

The Court therefore finds that the *Younger* doctrine applies here and requires federal abstention.  To the extent Plaintiffs request injunctive relief, those damages are precluded under

---

[2]  Plaintiffs further assert claims against the magistrate judge, trial court, and appellate court with regard to the state foreclosure case, but as the judge and courts are not named defendants, this Court will not address those issues.

the Tax Foreclosure Act, 28 U.S.C. § 1341, which shields state tax collections from federal-court injunctions.  Because Plaintiffs also seek monetary damages, however, the Court will stay this case until the state-court foreclosure case has concluded.

## CONCLUSION

Accordingly, all proceedings in this case are stayed pending the conclusion of *Treasurer of Cuyahoga County, Ohio v. Ashley Hardwick, et al*., No. CV-24-996197 (Cuyahoga Cnty. Ct. Common Pleas, filed Apr. 19, 2024), including all appeals.  This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiffs demonstrating that the state-court case referenced above and all appeals in that case have been resolved or concluded.  No claims or defenses are waived as a result of the stay.  All pending motions are denied without prejudice to refiling in the event the case is reopened.  Until a motion to reopen is granted, no other filings will be considered by the Court.

IT IS SO ORDERED.

s/*Pamela A. Barker*

Date:   April 17, 2025
PAMELA A. BARKER
U.S. DISTRICT JUDGE

6